FreesiaN, I.,
delivered the opinion of the court:
By agreement of parties on the trial of this canse in the court below, the only question presented in this case for our decision is, whether the will of Elijah Hill conferred the power on his executor, George Sparkman, to sell the lands in controversy. If so, the judgment of the circuit court is correct; if not, it must be reversed.
The first clause of said will provides for tbe payment of testator’s debts out of any moneys that he may be possessed of, or may first come to the hands of his executor.
The second clause is, “I give and bequeath to my heirs an equal part of all my personal and real estate.”
*545 Third. “I request that all my personal property be sold on a twelve mouths’ credit, and that all my real estate be sold on one and two years’ credit.”
lie then appoints G. W. Sparkman his executor.
The will was made in 1854, and probated in November of that year.
The rule as to the power of an executor to sell real estate is thus given by Chancellor Kent, Yol. 4, of Commentaries [page 326]:
“If the will directs the estate to be sold, without naming a donee of the power, it naturally, and by implication, devolves upon the executors, provided they are charged with the distribution of the fund.”
The question whether the executors are to distribute the fund need not be found expressed in direct terms on the face of the will, but is to be arrived at from the whole scope and context of the will, the fairly inferred intention of the testator; in other words, such a power to sell on the part of the executors may be gathered from the will by necessary implication, as well as by express designation. It was so held in Meakings v. Cromwell, 1 Selden N. Y. Rep., 139, where, by a statute of New York, it was provided, if the “testator omitted to designate by whom the power is to be exercised, its execution shall devolve on the court of chancery.” See authorities cited in the above case.
There can be no question that if this was a bequest of personalty, as such the executor would be bound to make the distribution of the fund.
It will be seen that in the second clause an equal share of personalty and realty is given to his heirs, and in the third clause he directs that his personal property shall be sold on twelve months credit, and then that his real estate be sold on one and two years credit. Take these provisions, and it is obvious that the testator intended that the parties taking-should not take the personalty given in kind, but only the *546 proceeds, and that the same is his intention as to the realty: that is, the party is only to take the proceeds, and not the land.
This then amounted to a direction to “convert out and out,” in which case the “moneys arising from the sale are to ho distributed by the executors as legacies.” See 1 Seld., 340.
So, that on either ground, that of a power by fair implication to sell, no one else being designated, and on the ground that the conversion was directed, and the parties took as legatees of personalty, which the executor was to pay, he was authorized to make the sale. We find the authorities cited in the above case abundantly sustain these views.
We therefore hold that the executor had the power to sell the land, and affirm the judgment of the court below.