McElroy v. McElroy *et al.*

'(*Nashville.*   December Term, 1902.)'

1. **WILLS.** Construction of. Sale of lands intended by direction
that they be "disposed of."
   Where in a will after providing for certain specific bequests, it
   is directed "that the remainder of my property, real and per-
   sonal, *be disposed of*, and that my son W. have one-half of the
   remainder, and my son J. one-fourth and my granddaughter M.
   and my grandson W. the other fourth," the intention of the
   testator to *direct a sale* for division is obvious, and such con-
   struction should be given said provision as being the natural
   one and most in harmony with the meaning of the expression
   "disposed of," used in connection with the alienation of the
   property.   (*Post, pp.* 139, 142-143.)

2. **ADMINISTRATOR** cum testamento annexo.  No power to sell
land where will does not name an executor.
   Under a will containing a direction to sell lands, but not naming
   or providing for an executor or donee of the power to sell, a
   sale can only be made through the court of chancery.   The
   statute providing that administrators with the will annexed
   shall have the same power as the executor had by the will,
   has no application to a will which does not name or provide for
   an executor; in which case a sale made by an administrator is
   void as being without power.   (*Post, pp.* 139, 143-146.)

Code construed:   Sec. 3976 (S.); 3081 (M. & V.); 2240 (T. & S.
   and 1858.)

Cases cited:   Harrison v. Henderson, 7 Heisk., 315, 350; Andrews
   v. Andrews, 7 Heisk., 247, 249; Green v. Davidson, 4 Baxt., 488, ·

490; Caruthers v. Caruthers, 2 Lea, 264; Parker v. Sparkman, 2 Tenn. Cas., 544, 545.

3. **SAME. Same. No power under doctrine of equitable conversion.**

Where a will contains a direction to sell lands, and makes provision for the division of the proceeds among certain designated parties, but does not name an executor or donee of the power to sell, an administrator with the will annexed has no authority to treat the estate as personalty under the doctrine of equitable conversion, and as such sell it. The doctrine of equitable conversion is not invoked for the purpose of affecting or controlling the mode by which one species of property is converted into the other, but principally to determine succession. (*Post, pp.* 139, 146-147.)

Cases cited: Shaw v. Chambers, 48 Mich., 355; Wayne v. Fouts, 108 Tenn., 145, 158.

---

FROM RUTHERFORD.

---

Appeal from the Chancery Court of Rutherford County.—W. S. BEARDEN, Chancellor.

PALMER & RIDLEY and C. A. SHEAFE, for Complainant.

W. R. CHAMBERS and R. S. BROWN, for Defendants.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill in this case contains these allegations, viz.: That W. E. McElroy made the following will: "I

will, that after my death, my burial expenses are paid; that my two sons, J. N. McElroy and W. Z. McElroy, have and divide my household and kitchen furniture as they see fit; and that my son, W. Z. McElroy, have my orange grove in Florida. I will that my granddaughter, Maggie McElroy, and my grandson, Willie McElroy, have one hundred dollars each of the $216.35 that my son-in-law, A. B. McElroy, owes me; and that my son-in-law, A. B. McElroy, have the remainder of the note and account and all the interest. I further will that my grandson, Sylvan McElroy, have one hundred dollars out of my estate, and that my grandson, Mearle McElroy, have one hundred dollars out of my estate, and that my daughter-in-law, Queenie, have my wife's gold spectacles. And that the remainder of my property, real and personal, be disposed of and that my son, W. Z. McElroy, have one-half of the remainder, and my son, J. N. McElroy, have one-fourth, and that my granddaughter, Maggie McElroy, and my grandson, Willie McElroy, have the other fourth when they become of age. And if any of them die before it is of age, the other is to have its part. And if both of them die under age, their one-fourth is to be equally divided between my son-in-law, A. B. McElroy, and my son, J. N. McElroy, and my son, W. Z. McElroy. April 12, 1892. W. E. McElroy."

That the said W. E. McElroy died on August 2, 1895, leaving the said last will and testament and leaving as his only heirs at law his two sons, defendants, J. N. Mc-

Elroy, and W. Z. McElroy, and his two grand-children, complainants, William A. McElroy, and defendant, Maggie McElroy, and that complainant, Wm. A. McElroy is the same person mentioned in the will under the name of Willie McElroy.

That defendant E. P. McElroy was appointed administrator with the will annexed in the county court of Rutherford county, and qualified as such on August 5, 1895, and that letters of administration were duly issued to him; that the personal estate of the testator was amply sufficient to discharge the specific bequests of the will, and to pay the legacies of $100 each to defendants Sylvan and Mearle McElroy, and that the latter sums have been paid.

That the testator owned at his death 160 acres of land lying in the twenty-third civil district of Rutherford county, fully described in the bill, and that this was the only land he owned, except the orange grove in Florida, and that this 160 acres was the land which the testator, in his will, directed to be "disposed of," and the proceeds to be divided in the manner stated therein.

That on September 5, 1896, the defendant E. P. McElroy, assuming authority to sell the said land in his character of administrator with the will annexed, made a pretended sale thereof to the defendant J. M. Jones, for the considration of $1,288.25, and, in pursuance of the said pretended sale, executed to the said Jones a deed, a copy of which is exhibited, and that said Jones thereupon entered into possession of the land, claiming under

the said deed, and has ever since received the rents, issues, and profits, and appropriated them to his own use. That although the land was sold for $1,288.25 by the administrator with the will annexed, it was really worth $2,500, and had a rental value of $250 per year. That complainant and his sister, the defendant Maggie McElroy were both minors when the sale was made; the defendant attaining her majority on January 14, 1900, and the complainant on September 19, 1901. That complainant has never received any portion of the proceeds of the sale to defendant Jones, and has never in any way recognized that sale as a valid disposition of the property.

Complainant insists that, having attained his majority, he now has the right to recover said land for the benefit of himself and the other persons interested under the will. His contention is that the land descended to the heirs at law of the testator, subject to the directions for disposition thereof contained in the will; that the sale made by the administrator with the will annexed was void for want of power in that officer to make such sale; and that the parties interested under the will have the right to have the land sold through the court of chancery, and the proceeds divided pursuant to the terms of the will.

The bill was filed February 10, 1902, within a few months after the complainant attained his majority. The defendant E. P. McElroy, administrator with the will annexed, and the purchaser, J. M. Jones, filed a de-

murrer, presenting the point of law that under the facts stated the administrator did have the power to make such sale and to execute the deed complained of. The chancellor sustained the demurrer and dismissed the bill.

On appeal of the complainant, the court of chancery appeals reversed the chancellor, but based its decision upon the ground that, under a proper construction of the will, the direction therein contained was not that the land should be sold, but that it should be partitioned in kind. That court was of opinion that the administrator with the will annexed would have had the power to sell the land involved in this case, if the will had contained a direction to sell, but that, inasmuch as there was no such direction, the sale was necessarily void, for want of power in the administrator.

We are of opinion that, under a true construction of the will, the testator intended that his household and kitchen furniture should be divided in kind; that there was a specific devise of the land in Florida; that the debt of $216.35 was specifically bequeathed to Maggie McElroy, Willie McElroy, and N. B. McElroy, in the proportions set out in the will; that there was a general legacy of $100 each to Sylvan and Mearle McElroy; that there was a specific bequest of the gold spectacles to testator's daughter-in-law, Queenie; and that the testator intended that the residue of his property, real and personal, should be sold, and the proceeds divided in the manner stated, that is, one-half to W. Z. McElroy, one-

fourth to J. N. McElroy, and one-fourth to Maggie and Willie McElroy together. We do not deem it necessary to go into a special exposition of the will, in support of this construction, as it seems to be the most obvious and natural one, and most in harmony with the meaning of the expression "disposed of," when used in connection with the alienation of property.

The main question is whether the administrator had the power to sell the property. It is insisted that he had such power, under section 3976 of Shannon's Code. This section reads as follows:

"An administrator, with the will annexed, appointed instead of an executor resigned, and all administrators, with the will annexed, shall have the same power and authority as the executor had by the will of the testator, and may sell land if the executor possessed that power."

This section was carried into the Code from Acts 1851-52, c. 141. Shortly before that act was passed, at the September term, 1848, it was decided by this court in the case of *Armstrong* v. *Park's Devisees,* 9 Humph., 195, 206, that where a will gave discretionary powers to executors to sell, lease, or dispose of real estate in any way they might think best for the estate, a personal trust was conferred, and was confined to the executors, and could not be exercised by the administrator with the will annexed, but by the advice and consent of the chancellor.

In *Harrison* v. *Henderson,* 7 Heisk., 315, 350, it is said that the general rule, before the passage of the provision above quoted, was that the executor, as such, by virtue

of the power contained in the will, might dispose of the real estate of the testator for the payment of debts, the payment of legacies, or any other purpose specified in the power, but that even then it was held that the power was personal, and could not be exercised by an administrator with the will annexed, and that the statute was passed to change the latter part of this rule, and confer all of the powers on the administrator, by virtue of his office, that belonged to the executor by virtue of his, yet that the statute did not interfere with or change the principle laid down in *Armstrong* v. *Park's Devisees*, supra; that it simply authorized the administrator with the will annexed to sell when the executor, as such, simply by virtue of his office, and in that character alone, had power to sell, but not when the party, though executor, held the twofold character of executor and trustee, and the power to sell was confided to him as a personal trust, to be executed by him as such trustee, and not as executor. See also, for comparison, *Andrews* v. *Andrews*, 7 Heisk., 247, 248, 249.

In *Green* v. *Davidson*, 4 Baxt., 488, 490, it was held that the administrator with the will annexed had the power to sell real estate when the will directed the land to be sold on fixed terms, and the money to be equally divided among testator's children, and, if any of his children should marry, that they should have "an equal part of his estate as those already married, to be given them out of his perishable property," and that his children should be made equal, taking into consideration what the

testator had given those already married; this, with the appointment of the executor, and direction as to the payment of debts, being the substance of the will.

In *Caruthers* v. *Caruthers,* 2 Lea, 264, it was held that the administrator with the will annexed had power to sell real estate when the testator by his will, directed his debts to be paid as soon as possible out of any money he might be possessed of, or which should first come to the hands of his executor, and gave the executor "full power to sell and convey" any of the testator's property, "real or personal," for the purpose of paying debts and supporting his children.

In *Parker* v. *Sparkman,* 2 Tenn. Cas.,. 544, 545, it was held that if the will directs the estate to be sold, without naming a donee of the power, it naturally and by implication devolves upon the executors, if they are charged with the distribution of the fund; and it is further said that the question whether the executors are to distribute the fund need not be found settled in direct terms on the face of the will, but is to be determined from the whole scope and context of the will, by necessary implication, as well as by express designation.

The foregoing are all of the authorities we have bearing upon the right of the administrator with the will annexed to sell and convey real estate of the decedent under the authority of the section of the Code above quoted. In none of them is found any sanction for the administrator's selling the land where the will provides for no

executor, and where, as in the will under examination, the office of the executor is not even mentioned in any way whatever. We do not think the statute or section of the Code referred to can be extended to cover such a case. The language of the section is explicit. The administrator with the will annexed is declared to have the same power and authority as the executor had by the will of the testator, and may sell land if the executor possessed that power. A necessary predicate of such administrator's power to sell real estate is that there was an executor named in the will, or at least the office recognized and named, and that the will gave the executor that power.

The will in the present case does not come up to or fall within the case provided for by the statute, and hence the administrator with the will annexed took no power or authority thereunder. The will does contain, as we have already said, a direction for the sale of the land; but as there is no executor provided, and no donee of the power it results that the sale could only be made through the court of chancery.

There was another cause of demurrer filed, which raised the point that inasmuch as there was a direction contained in the will that the property should be sold, and the proceeds distributed among certain persons named, an equitable conversion was wrought, and the land was changed into personalty; hence that the administrator with the will annexed could sell it, or any other personal property, without the aid of the statute.

McElroy v. McElroy.

This contention claims for the doctrine of equitable conversion a much wider scope than it really has.   Under the operation of this doctrine, the property is treated as personalty or realty, as the case may be, only for certain purposes—mainly, as determining succession.   The remedy or the mode of actual conversion from one species of property into the other is not affected.   *Shaw* v. *Chambers,* 48 Mich., 355, 12 N. W., 486.   The same principle was recognized by this court in *Wayne* v. *Fouts,* 108 Tenn., 145, 158, 65 S. W., 471.

It results that the decree of the court of chancery appeals, overruling the demurrer and remanding the cause, must, on the grounds and for the reasons herein stated, be affirmed.