HARDIN *v.* HASSELL *et al.*

(*Nashville.* December Term, 1906.)

1. **ADMINISTRATORS WITH WILL ANNEXED.** Have same power to sell land as will gives executors named therein.

Where a will directs that the land and personal property of the testator be sold for the purpose of creating a fund to be distributed among certain named legatees, and the executors named in the will decline to qualify, the administrators with the will annexed have power, and it is their duty, to sell the land and personalty, and raise the fund designed by the will.

Code cited and construed: Sec. 3976 (S.); sec. 3081 (M. & V.); sec. 2240 (1858).

Cases cited and approved: Harrison v. Henderson, 7 Heisk., 315; Caruthers v. Caruthers, 2 Lea, 264.

2. **SAME.** Same. Will need not provide expressly that executor shall sell, if sale is directed.

If a will directs the estate to be sold, without naming a donee of the power of sale, such power is by implication devolved upon the executors nominated in the will, and, if the executors fail to qualify, may be rightfully exercised by administrators with the will annexed.

Cases cited and approved: Bedford v. Bedford, 110 Tenn., 204; Parker v. Sparkman, 2 Shan. Cas., 544.

3. **SAME.** Have no power to sell land when executor named was also trustee, and authorized to sell as trustee.

Administrators with the will annexed have power to sell land only when the executor, as such, simply by virtue of his office, and in that character alone, had power to sell; but they have no such power when the will imposed upon the executor the twofold character of executor and trustee, and the power to sell was confided to him as a personal trust to be exercised by him as such trustee, and not as executor.

Hardin v. Hassell.

Code cited and construed:   Sec. 3976 (S.); sec. 3081 (M. & V.); sec. 2240 (1858).

Cases cited and approved:   Andrews v. Andrews, 7 Heisk., 247; McElroy v. McElroy, 110 Tenn., 143; Armstrong v. Park's Devisees, 9 Humph., 195.

4. **SAME. Liable for breach of duty in failing to sell property as directed by will. Case in judgment.**

Where a will directs that the land and personal property of the testator be sold for the purpose of creating a fund to be divided among certain named legatees,—the shares of some to be paid to them in person, and of others to a trustee named for their benefit,—and the administrators with the will annexed breach their duty by failing to sell the land under the powers devolved on them by law, they will be treated, upon suit by a remainderman, as having the fund in hand, and as liable for it, with interest from the death of the life tenant—it appearing that there was enough property to raise the fund devised.

5. **SAME. Question reserved.**

The question was expressly reserved and not decided, as to whether, under the facts stated in headnote 4, it became the duty of the administrators with the will annexed to apply to a court of equity to appoint a trustee in place of the trustee named in the will, who renounced the trust, to whom they might pay over the shares designed for the benefit of the daughters of the testator for life and at their death to their children; or whether they had imposed on them the duty of simply holding the fund to await the appointment of a trustee at the instance of the interested beneficiaries.

6. **LIMITATIONS, STATUTE OF. Begins to run against remainderman upon death of life tenant.**

The right of action of a remainderman to recover a fund accrues, and the statute of limitations begins to run against him, upon the death of the life tenant.

Case cited and approved:   Carver v. Maxwell, 110 Tenn., 75.

Hardin v. Hassell.

**7 EQUITABLE CONVERSION.** Will directing sale of land for distribution in funds, works conversion into personalty.

Where a testator directs that his lands be sold for the purpose of creating funds for distribution among certain legatees, the land will be treated as personalty, to the extent of its value, in the hands of administrators with the will annexed.

Cases cited and approved: Bennett v. Gallaher, 115 Tenn., 568; Bedford v. Bedford, 110 Tenn., 204.

FROM HICKMAN.

Appeal from the Chancery Court of Hickman County. —JOHN H. CUNNINGHAM, Special Chancellor.

HENRY NIXON and JOHN P. DAVIS, for Hardin.

J. A. BATES and PITTS & MCCONNICO, for Hassell et al.

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill makes the following case:

Zebulon Hassell, Sr., died in Hickman county, this State, about 1865, leaving a will executed September 19, 1864, which was duly probated, and which contained the following provisions, viz.:

"First. I direct that all my just debts and funeral expenses be paid as soon after my death as possible, out of any moneys I may die possessed of, or that may first come to the hands of my executors.

118 Tenn—10

"Second. I direct that a sufficient amount of my personal property be sold on a credit of twelve months in order to pay my debts, provided I should not have money or debts owing to me sufficient to pay the same and other expenses without a sale as above directed.

"Third. I direct that my slaves, should I die possessed of any, be equally divided between my children, except my son Hassell, who is to have no part or portion of my estate, all the rest and residue of my estate, both real and personal, I direct to be sold as follows: The lands on a credit of one and two years, and the other property on a credit of twelve months, taking notes with good security, retaining a lien on land until the purchase money is paid, the proceeds of said sale to be divided amongst my children in the following manner:

"First, to my son Zebulon, six hundred dollars; my son Alfred Britton, six hundred dollars; to my daughters, Mary Z. and Martha Selina, six hundred dollars each; the balance of said sale to be equally divided between all my children, except my son, Artin Hassell, who is to have nothing as above or before stated, but his son, Zebulon, to whom I bequeath the sum of one hundred dollars.

"Fourth. That portion of my estate which will go to my daughters, Nancy E. Sugg, Mary Z. Hassell and Martha Selina Hassell, I give to my friend, Josiah A. Bizwell, in trust for the benefit of my said daughters; for and during the lifetime of my said daughters, free from the debts, contracts or liabilities of their present,

or any future husband, and at their death to go to the children of my said daughters, . . . should they die leaving a child, or children, but if not, then their portion to go to and be equally divided between the balance of my children, my son Artin Hassell, alone excepted.

"Fifth. I do hereby constitute and appoint my two friends, Josiah A. Bizwell and Solomon J. Gorge, my executors of this my last will and testament."

That Josiah Bizwell, one of the executors named in the will, did not qualify as such, and refused to act as trustee. That the defendants Zebulon Hassell, Jr., and E. A. Dunn qualified as administrators with the will annexed, and took charge of the estate and proceeded to administer it, but without regard to the terms of the will.

That about June 19, 1871, in disregard of the terms of the will, the defendant Zebulon Hassell "and others" filed a bill in the chancery court of Hickman county to sell the said real estate for division of proceeds among all the children and heirs at law of Zebulon Hassell, Sr., including Artin Hassell.

That in the proceeding the land sold for $2,500, and was purchased by the defendant Zebulon Hassell, Jr., and the fund, after payment of costs, was distributed equally among the heirs at law of Zebulon Hassell, Sr., including the said Artin Hassell, who had been expressly disinherited in the will. That the sum of $336.36 was paid to W. L. Hardin, the husband of complainant's

mother, contrary to the terms of the will. That complainant's mother was the Mary Z. Hassell mentioned in the will. That she intermarried with W. L. Hardin in 1865, and of this marriage several children were born. That she died April 17, 1899, leaving her surviving six of said children, all of full age, except James Otey Hardin. That all of the interests, except the latter, are now owned by complainant; that is, he owns five-sixths, and James Otey Hardin one-sixth.

It is alleged that the real and personal estate which passed under the will were sufficient to create or raise the fund of $600 bequeathed to the mother of the complainant and her children.

The bill was filed April 10, 1905, to recover of the defendants five-sixths of the remainder interest in the fund which was bequeathed for the benefit of Mary Z. Hassell (Hardin) and her children, and interest thereon from the death of the life tenant.

A demurrer was filed, containing very numerous grounds of objection to the bill; but, as sufficient equity is disclosed upon the face of the bill to require an answer, we need not go into these matters specifically. In what we say in respect of the equity of the bill, we shall dispose, incidently, of such of the grounds of demurrer as seem to have any bearing upon the case stated.

Under a true construction of the will, the executors were directed to sell the land and personal property for the purpose of creating a fund. This fund, after the payment of debts, was to be paid over to the legatees,

named as such, in the will, in person, except the daughters. The shares of the latter were to be paid to Josiah A. Bizwell, in trust for the benefit of the daughters for and during the term of their natural life, with remainder over to their children.

When the persons nominated executors refused to qualify and the defendants became administrators with the will annexed, the duty devolved upon them to sell the land and personal property and raise the fund designed by the will. Whether it then became their duty to apply to a court of equity to appoint a trustee to whom they might pay over the shares designed for the daughters, in place of Josiah H. Bizwell, who renounced the trust, or whether they had imposed upon them the duty of simply holding the fund to await the appointment of a trustee at the instance of the interested beneficiaries, we need not, since the death of Mrs. Mary Z. Hardin (formerly Hassell), consider. It suffices to say that, in failing to sell the land and personal property under the powers devolved on them by law, the defendant administrators with the will annexed breached their duty to the said Mary Z. and her children; and since, under the allegations of the bill, there was enough property to raise the sum of $600, they must be treated, in respect of the remainderman suing, as having that fund in hand, and as liable for it, with interest from the death of the life tenant. Of course, the statutes of limitation would begin to run only from the latter date (*Carver v. Maxwell*, 110 Tenn., 75, 83, 71 S. W., 752) ; and, suf-

ficent time not having elapsed between the occurrence of that event and the filing of the bill, there can be nothing in that defense.

A word or two further, and a reference to authorities in respect of some of the principles above enunciated, may not be amiss.

In respect of the duty of administrators with the will annexed to sell the land of the testator: In Shannon's Code, section 3976, carried into the Code from Acts 1851-52, p. 193, c. 141, it is provided: " . . . All administrators with the will annexed shall have the same power and authority as the executors had by the will of the testator, and may sell land if the executor possessed that power."

Construing this section, this court said, in *McElroy* v. *McElroy,* 110 Tenn., 137, 73 S. W., 105:

"This section was carried into the Code from Acts 1851-52, p. 193, c. 141. Shortly before that act was passed, at the September term, 1848, it was decided by this court, in the case of *Armstrong* v. *Park's Devisees,* 9 Humph., 195, 206, that where a will gave discretionary powers to executors to sell, lease, or dispose of real estate in any way they might think best for the estate, a personal trust was conferred, and was confined to the executors, and could not be exercised by the administrator with the will annexed, but by the advice and consent of the chancellor.

"In *Harrison* v. *Henderson,* 7 Heisk., 315, 350, it is said that the general rule, before the passage of the pro-

Hardin v. Hassell.

vision above quoted, was that the executor, as such, by
virtue of the power contained in the will, might dispose
of the real estate of the testator for the payment of debts,
the payment of legacies, or any other purpose specified
in the power, but that even then it was held that the
power was personal, and could not be exercised by an
administrator with the will annexed, and that the stat-
ute was passed to change the latter part of this rule,
and confer all of the powers on the administrator, by
virtue of his office, that belonged to the executor by vir-
tue of his, yet that the statute did not interfere with or
change the principle laid down in *Armstrong* v. *Park's
Devisees,* supra; that it simply authorized the adminis-
trator with the will annexed to sell when the executor,
as such, simply by virtue of his office, and in that char-
acter alone, had power to sell, but not when the party,
though executor, held the two-fold character of execu-
tor and trustee, and the power to sell was confided to
him as a personal trust, to be executed by him as such
trustee, and not as executor.   See, also, for comparison,
*Andrews* v. *Andrews,* 7 Heisk., 247, 248, 249; *McElroy*
v. *McElroy,* 110 Tenn., 143, 144, 73 S. W., 105."

Under the present will the power to sell was given
to the executors only as such, and not to Josiah A. Biz-
well as a discretionary trustee, is clear from the fact
two persons were named as executors, the said Josiah
A. Bizwell and Soloman J. Gorge, and only one of them
was made trustee to hold the funds of the daughters
after the sale should be made.   The power of sale was

vested in both executors, and it was to be executed, not only for the purpose of raising the shares of the daughters, but of the sons as well, the latter to be paid over at once, and also for the payment of the debts of the estate. In the third clause, the power to sell is given in the same terms in respect to both realty and personalty.

In *Harrison* v. *Henderson,* supra, the terms of the will, under which it was held that the administrator with the will annexed might sell land, were as follows:

" 'I do will, devise and bequeath, that all my lands and slaves, and all the property not herein otherwise fully disposed of, be sold by my executor, and the proceeds of the sale, together with all money on hand at my death, and the proceeds of all choses in action coming to me at my death, after paying my funeral expenses, my just debts, and the costs and expenses of executing this will, and after providing for the pecuniary bequests herein named, be disposed of as follows: One-fifth to each of my children; one-fifth to be set apart in the hands of my executor, and held by him subject to the trusts, etc., of the $4,000 named in the ninth item of this will' — that is, in favor of complainant."

He then appointed Samuel Henderson executor, and, should he fail to qualify, named two others as executors. The court continued:

"We think it clear that the power of sale here given was to the executor as such, by virtue of his office, and that such power might be rightfully exercised by the

administrator with the will annexed, under the section of the Code above referred to.   We therefore hold the sale of the land was not void."

In *Caruthers* v. *Caruthers,* 2 Lea, 264, it was held that "the administrator with the will annexed had power to sell real estate, when the testator by his will, directed his debts to be paid as soon as possible out of any moneys he might be possessed of, or which should first come to the hands of his executor, and gave the executor 'full power to sell and convey' any of the testator's property, 'real or personal,' for the purpose of paying debts and supporting his children." *McElroy* v. *McElroy,* 110 Tenn., 145, 73 S. W., 105.

It is true that the will before us does not say, in express terms, that the executors shall sell; but the rule is that: "If the will directs the estate to be sold without naming a donee of the power, it naturally and by implication devolves upon the executors, if they are charged with the distribution of the fund, . . . and the question whether the executors are to distribute the fund need not be found settled in direct terms on the face of the will, but is to be determined from the whole scope and context of the will, by necessary implication, as well as by express designation." *McElroy* v. *McElroy,* 110 Tenn., 145, 73 S. W., 105, citing *Parker* v. *Sparkman,* 2 Shannon's Tenn., Cas., 544, 545.   And see *Bedford* v. *Bedford,* 110 Tenn., 204, 75 S. W., 1017, where the subject is fully discussed.

We deem it unnecessary to follow in detail the learned discussion appearing on the brief of defendant's counsel concerning the nature of land as equitable assets merely in the hands of the executor, and the nonliability of his sureties therefor, prior to Acts 1838, c. 111, section 18 (Laws 1837-38, p. 176; Nicholson Supp. p. 181). *Drane* v. *Bayliss,* 1 Humph., 174; *Hughlett* v. *Hughlett,* 5 Humph., 453; *Deadrick* v. *Cantrell,* 10 Yerg., 263, 31 Am. Dec., 576. Nor the change effected by the act of 1838. *Lester* v. *Vick,* 2 Heisk., 476; *Fulton* v. *Davidson,* 3 Heisk., 614; *Porter* v. *Moores,* 4 Heisk., 16. Nor whether, after the enactment of the Code of 1858, and the abrogation thereby of the rule established under the act of 1838, the sureties of an executor could be held liable for the proceeds of real estate in his hands. *Wall* v. *Allen,* 4 Baxt., 210. Nor do we feel called upon to consider whether the obligations contained in the opinion in *Mitchell* v. *Calloway,* 3 Shannon's Tenn., Cas., at page 646, purporting a short restatement of the doctrine of *Hughlett* v. *Hughlett,* and their application to the present state of the law, are wholly sound in respect of that application, in view of Shannon's Code, section 3976, and the decision referred to supra, construing and applying that section. Nor is it important that we should consider in this case the effect of Acts 1889, p. 65, c. 36 (Shannon's Code, section 3959).

It is sufficient, for the purposes of the present case, that it was the duty of the administrators with the will

Hardin v. Hassell.

annexed, on grounds already stated, to sell the land and personal property mentioned in the will for the purpose of creating the funds which they were to distribute, and they are liable for their default in this respect. The will having directed a division of the land into personalty (*Bedford* v. *Bedford,* 110 Tenn., 204, 212, 75 S. W., 1017; *Bennett* v. *Gullaher,* 115 Tenn., 568, 92 S. W., 66, and authorities cited), it should be treated as personalty in their hands to the extent of its value, and a sufficiency thereof applied to pay complainant the amount due him, if the case made in the bill be sustained by the evidence.

It results that the demurrer must be overruled, the decree of the chancellor affirmed, and the cause remanded for answer and further proceedings.